**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1692**

HOMI N. AMIRMOKRI,

              Plaintiff - Appellant,

       v.

DEPARTMENT OF ENERGY, Secretary,

              Defendant - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District
Judge.  (8:08-cv-00994-AW)

Submitted:  June 30, 2010                Decided:  July 14, 2010

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Morris E. Fischer, LAW OFFICE OF MORRIS FISCHER, Bethesda,
Maryland, for Appellant. Rod J. Rosenstein, United States
Attorney, Allen F. Loucks, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Homi N. Amirmokri, a male of Iranian origin, appeals from the district court's adverse grant of summary judgment and dismissal of his action alleging that his employer, the Department of Energy, discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2003 & Supp. 2010), allegedly based upon his race and prior Equal Employment Opportunity and whistleblowing activity. Specifically, Amirmokri alleges on appeal that he was discriminated and retaliated against relative to his forced removal, paid administrative leave, and notice of reprimand after a verbal altercation with a co-worker. Our review of the record and the district court's opinion discloses that this appeal is without merit. Finding no error, we affirm.

This court reviews de novo a district court's order granting summary judgment and views the facts in the light most favorable to the nonmoving party. Rowzie v. Allstate Ins. Co., 556 F.3d 165, 167 (4th Cir. 2009). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Summary judgment will be granted unless "a reasonable jury could return a verdict for the nonmoving party" on the evidence presented. Anderson v. Liberty

2

Lobby, Inc., 477 U.S. 242, 248 (1986).  We conclude that the district court correctly determined that Amirmokri failed to establish a prima facie case of retaliation and that he did not demonstrate that the employer's legitimate, non-discriminatory reason for the disciplinary action was a pretext for national origin discrimination.  See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973); James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004); King v. Rumsfeld, 328 F.3d 145, 150-51 (4th Cir. 2003).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED